**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

Docket Number(s): _____

**Motion for:** Expedited consideration of Appellant's Petition for Direct Review

Petition for Direct Review (FRAP  2, 27) and

heard in tandem with similar appeal (FRAP 3(b)(2)).

Set forth below precise, complete statement of relief sought:

Appellant seeks an order granting expedited

consideration of its Petition and expedited appeal

if the Petition is granted.  Appellant seeks to have

this appeal heard in tandem with In re GOL

Linhas Aéreas Inteligentes S.A., No. 26-49,

which raises substantially similar issues.

Caption [use short title]

In re the Diocese of Buffalo, N.Y.

(petition to appeal from Bankr. W.D.N.Y.

Case No. 20-10322 (CLB))

**MOVING PARTY:** Official Committee of Creditors     **OPPOSING PARTY:** United States Trustee

☐ Plaintiff   ☐ Defendant

☑ Appellant/Petitioner   ☐ Appellee/Respondent

**MOVING ATTORNEY:** Ilan D. Scharf, Esq.     **OPPOSING ATTORNEY:** Joseph W. Allen, Esq.

[name of attorney, with firm, address, phone number and e-mail]

Pachulski Stang Ziehl & Jones LLP

1700 Broadway, 36th Flr, New York, NY 10019

Tel: (212) 561-7700

Office of United States Trustee

Olympic Towers, 300 Pearl Street, Suite 401

Buffalo, NY 14202  Tel: (716) 551-5541

Court- Judge/ Agency appealed from: Bankruptcy W.D.N.Y. - Chief Bankruptcy Judge Carl Bucki

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes   ☐ No (explain): _____

Opposing counsel's position on motion:
☐ Unopposed   ☑ Opposed   ☐ Don't Know
Does opposing counsel intend to file a response:
☐ Yes   ☐ No   ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below?   ☐ Yes ☑ No
Has this relief been previously sought in this court?   ☐ Yes ☑ No

Requested return date and explanation of emergency: _____
Appellant requests that the Court set the earliest

be briefed timely to be heard in tandem with In re
Gol Linhas.

Is the oral argument on motion requested?   ☐ Yes   ☑ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set?   ☐ Yes   ☑ No  If yes, enter date: _____

**Signature of Moving Attorney:**

_/s/ Ilan D, Scharf_____ Date: June 5, 2026     Service : ☐ Electronic   ☑ Other [Attach proof of service]

Form T-1080 (rev. 10-23)

# 26-

# United States Court of Appeals

*for the*

# Second Circuit

In re THE DIOCESE OF BUFFALO, N.Y.,

*Debtor*,

OFFICIAL COMMITTEE OF UNSECURED CREDITORS,

*Petitioner,*

– v. –

WILLIAM K. HARRINGTON, UNITED STATES TRUSTEE FOR REGION 2,

*Respondent.*

ON PETITION FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NEW YORK
No. 20−10322−CLB

## MOTION FOR EXPEDITED CONSIDERATION OF THE PETITION FOR DIRECT APPEAL AND TO PROCEED IN TANDEM WITH RELATED APPEAL

ILAN D. SCHARF
KAREN B. DINE
JEFFREY M. DINE
PACHULSKI STANG ZIEHL & JONES LLP
*Attorneys for Petitioner*
1700 Broadway, 36th Floor
New York, New York 10019
(212) 561-7700

COUNSEL PRESS
A Proceed Service
The Appellate Experts®
(800) 4-APPEAL • (393603)

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, Petitioner the Official Committee of Unsecured Creditors is a committee of appointed by the Office of the United States Trustee pursuant to sections 1102(a) and 1102(b) of the Bankruptcy Code to serve in the Chapter 11 of the Diocese of Buffalo, N.Y. The Committee is not subject to the disclosure provisions of Rule 26.1.

The Diocese of Buffalo, N.Y. is a New York not-for-profit corporation formed by Special Act of the New York State Legislature without capital stock; the Diocese of Buffalo, N.Y. has no parent corporation nor is there any publicly held corporation owning 10% or more of its stock.

*/s/ Ilan D. Scharf*
Ilan D. Scharf
*Counsel for Appellant the Official*
*Committee of Unsecured Creditors*

i

4915-0645-8545.10 18502.002

# **TABLE OF CONTENTS**

**Page**

CORPORATE DISCLOSURE STATEMENT ...........................................................i

TABLE OF AUTHORITIES ................................................................ iii

EMERGENCY MOTION FOR EXPEDITED  CONSIDERATION OF THE PETITION FOR  DIRECT APPEAL, FOR EXPEDITED APPEAL, AND TO PROCEED IN TANDEM WITH SIMILAR APPEAL ...................1

BACKGROUND ........................................................................4

    A.    The Diocese's Bankruptcy ..............................................4

    B.    Bankruptcy Settlement With  Non-Debtor Parishes and Insurers ........5

    C.    The Committee's Arguments Below....................................7

    D.    Procedural History of the Orders .......................................8

    E.    The Appeal in *GOL Linhas* ...........................................9

ARGUMENT ........................................................................9

I.    GOOD CAUSE EXISTS TO CONSIDER THE COMMITTEE'S PETITION FOR DIRECT APPEAL ON AN EXPEDITED BASIS.............9

II.    GOOD CAUSE EXITS TO EXPEDITE THE OPT-OUT  APPEAL AND TO HEAR IT IN TANDEM WITH *GOL LINHAS*............................11

CONCLUSION.......................................................................13

CERTIFICATE OF COMPLIANCE.....................................................14

CERTIFICATE OF SERVICE .........................................................15

4915-0645-8545.10 18502.002

# TABLE OF AUTHORITIES

**Page**

## CASES

*Antonyuk v. James*
120 F.4th 941 (2d Cir. 2024) ..........................................................................11

*Harrington v. Purdue Pharma L.P.*
603 U.S. 204 (2024) ...........................................................................................3

*In re GOL Linhas Aereas Inteligentes S.A.*
675 B.R. 125 (S.D.N.Y. 2025) ..........................................................................9

*In re GOL Linhas Aéreas Inteligentes S.A.*
No. 26-49 (2d Cir.) ................................................................................. 1, 3, 13

*World Trade Ctr. Props., L.L.C. v. Hartford Fire Ins. Co.*
345 F.3d 154 (2d Cir. 2003) ............................................................................10

## STATUTES

11 U.S.C. § 1102(a) .............................................................................................5

11 U.S.C. § 1102(b) .............................................................................................5

28 U.S.C. § 158(d)(2)(A) .....................................................................................2

28 U.S.C. § 1657(a) .............................................................................................9

## OTHER AUTHORITIES

20 James Wm. Moore et al., Moore's Federal Practice - Civil § 303.41 (2026) .....11

## RULES

Fed. R. App. P. 2 ................................................................................... 2, 9, 11

Fed. R. App. P. 27 ...................................................................................................2

Fed. R. App. P. 3(b)(2) .......................................................................... 2, 11

iii

**EMERGENCY MOTION FOR EXPEDITED
CONSIDERATION OF THE PETITION FOR
DIRECT APPEAL, FOR EXPEDITED APPEAL,
AND TO PROCEED IN TANDEM WITH SIMILAR APPEAL**

The issue of when creditors can be deemed to have consented to releases of third parties ("Third-Party Releases") in plans of reorganization under Chapter 11 of the Bankruptcy Code is of pith and moment among the bankruptcy, district and circuit courts.  This issue is now before this Court in two cases; this one and *In re GOL Linhas Aéreas Inteligentes S.A.,* No. 26-49 (2d Cir.) ("*GOL Linhas*").  There is no controlling precedent in this Circuit, and the importance of this issue, and the judicial economy in dealing with both appeals together, argues for the Court hearing these appeals together. Appellant the Official Committee of Unsecured Creditors (the "Committee") in the bankruptcy case of the Diocese of Buffalo, N.Y. (the "Diocese") therefore requests that the Court expedite its consideration of the Petition (and the Diocese's Petition), and, if it grants the Petitions, that it expedite this appeal (and the Diocese's) (the Diocese's and the Committee's appeals together the "Opt-Out Appeals"), and set them for hearing in tandem with *GOL Linhas*.  The Diocese supports this Motion.

On April 3, 2026, the Committee (and, separately, the Diocese) filed a Notice of Appeal of two decisions of the United States Bankruptcy Court for the Western District of New York (the "Bankruptcy Court"):  (i) the *Decision &*

1

*Order* [D.I. 4616] (the "<u>Opt-In Order</u>" or "<u>Opt-In Ord.</u>" [Petition Appendix Ex. 1], and (ii) *Decision & Order Denying Motions to Reconsider, Granting Motion for Request for Certification [of Direct Appeal* [D.I. 4694] (the "<u>Reconsideration Order</u>" or "<u>Recon. Ord.</u>") [Petition Appendix Ex. 2], and, together with the Opt-In Order, the "<u>Orders</u>").

On May 8, 2026, the Bankruptcy Court certified the direct appeal of the Orders to this Court under 28 U.S.C. § 158(d)(2)(A). [Petition Appendix Ex. 3]. On June 5, 2026, Appellant filed its Petition asking that this Court authorize the direct appeal.

The Committee now moves under Federal Rules of Appellate Procedure 2, 3(b)(2) and 27 to expedite consideration of its petition for direct appeal and, if granted, to expedite this appeal and set it to be heard in tandem with the pending appeal of the in *GOL Linhas*. Should the motion be granted and the Court authorize the direct appeal, the Committee is prepared to submit its opening brief on an expedited basis.

The Opt-Out Appeals and the *GOL Linhas* appeal raise the same issue, whether and when "opt-out" procedures are sufficient to find creditor consent to Third-Party Releases contained in a debtor's Chapter 11 plan of reorganization, or whether creditors must affirmatively "opt-in" to grant the releases. The Supreme Court left the question of what constitutes consent to Third-Party

Releases open in its decision in *Harrington v. Purdue Pharma L.P.,* 603 U.S. 204, 226 (2024) ("*Purdue Pharma*"). The issue of consent to Third-Party Releases has concerned, if not consumed, district and bankruptcy courts in this Circuit and indeed nationwide. This Court has not considered the question, and these contemporaneous appeals now present it squarely.

Expedition is needed because the appeal in *GOL Linhas* is in briefing before the Court, with the response brief of William K. Harrington, United States Trustee for Region 2 (the "U.S. Trustee") (the same respondent in the Opt-Out Appeals) due on July 22, 2026. *So-Ordered Scheduling Notification*, *In re GOL Linhas Aereas Inteligentes S.A.*, No 26-49 (2d Cir. May 14, 2026), ECF No. 60. If the petition is granted expeditiously, the parties can agree to a briefing schedule such that briefing could be complete near the date of the final brief in *GOL Linhas* (August 12, 2026) and there should be little or no delay in consideration and resolution of the overlapping questions presented.[1]

The Committee seeks to have this appeal heard in tandem with the *GOL Linhas* Appeal for the sake of judicial efficiency and to avoid the risk that a decision is rendered in *GOL Linhas*, the underlying circumstances of which

---

[1] If the Court grants the Petitions, the Diocese and the Committee request that the Opt-Out Appeals be consolidated and that the Diocese and the Committee each be permitted to file a separate brief. The Diocese and the Committee would coordinate their briefing to avoid unnecessary duplication, but believe that they have different, if congruent, arguments on the Opt-Out Appeals.

differ meaningfully from those here, would prejudice this appeal or result in a potential conflict in panel decisions. If the petition is granted, the Opt-Out Appeals should be heard at the same time. This Court will then be presented with all relevant factual allegations and perspectives regarding both appeals at one time, and a single panel of this Court could then decide the controlling legal questions common to both cases.

For these reasons and those set forth below, the Committee respectfully requests that the Court consider its petition for a direct appeal on an expedited basis, and expedite and hear this appeal in tandem with the *GOL Linhas* appeal.

On June 2, 2025, counsel reached out to the U.S. Trustee's counsel to determine whether the U.S. Trustee would consent to an expedited schedule. Counsel for the U.S. Trustee has advised that they are not prepared to consent to expedition at this time.

## BACKGROUND

### A. The Diocese's Bankruptcy

On February 28, 2020 (the "Petition Date"), the Diocese filed a petition for relief under chapter 11 in the United States Bankruptcy Court for the Western District of New York (Case No. 20-10322, the "Chapter 11 Case") in the wake of hundreds of lawsuits filed and claims anticipated to be made by

4

survivors of sexual abuse under the New York Child Victims Act (the "CVA")

and in anticipation of the assertion of more sexual abuse claims.

On March 12, 2020, the U.S. Trustee appointed the Committee

pursuant to sections 1102(a) and 1102(b) of the Bankruptcy Code to serve in the

Chapter 11 Case.

**B.      Bankruptcy Settlement With
           Non-Debtor Parishes and Insurers**

Over the six years since the Diocese filed for bankruptcy protection

under Chapter 11 of title 11 of the United States Code, the Diocese, its non-

debtor parishes (the "Parishes"), the Committee, and insurance companies that

issued (or allegedly issued), insurance policies to the Diocese and/or the Parishes

have engaged in vigorous, arm's lengths efforts to achieve a settlement of the

Abuse Claimants' claims in the bankruptcy such that the Abuse Claimants can

receive compensation for the harm perpetrated on them by the Diocese and its

Parishes, and the Diocese can emerge from bankruptcy.

In April of 2025, those efforts culminated in a settlement agreement

(the "Settlement") between the Committee on the one hand and the Diocese and

Parishes on the other, whereby the Parishes and the Diocese would contribute

$150 million to a settlement trust (the "Settlement Trust") that will compensate

Abuse Claimants.  Based in significant part on the Settlement, the Diocese and

4915-0645-8545.10 18502.002

the Committee agreed on a joint plan of reorganization for the Diocese (the "Joint Plan") that provides for the Settlement Trust.

The Debtors filed the Disclosure Statement [D.I. 4222] and Joint Plan [D.I. 4221] on October 1, 2025. The Debtors filed the Solicitation Procedures Motion [D.I. 4343] on November 7, 2025. The Committee filed a Statement in Support of the Procedures Motion on December 10, 2025 [D.I. 4411] (the "Committee Statement").

The notice, balloting and terms of the Third-Party Releases are described more fully in the Committee's Petition. In summary, through the Joint Plan, the Diocese, among other things, is seeking to release the non-debtor Parishes releasing claims to insurance policies and who are contributing significant funds to the Settlement Trust. The only creditors granting those Third-Party Releases to the Parishes will be the Abuse Claimants (in Class 6 of the Joint Plan) who will be the beneficiaries of the Settlement Trust.

As proposed in the Joint Plan, consent to the Third Party Releases is conclusively presumed if an Abuse Claimant (i) submits an Abuse Claim Ballot accepting the Joint Plan or (ii) either does not vote or submits an Abuse Claim Ballot rejecting the Joint Plan and fails to either (a) separately indicate on such Abuse Claim Ballot rejecting the Joint Plan that consent to the releases and

6

4915-0645-8545.10 18502.002

injunctions contemplated in the Joint Plan is being withheld, or (b) files a timely written objection to confirmation of the Joint Plan.

In this case, each Abuse Claimant (or, if represented, their counsel) who filed a claim in the Diocese's bankruptcy case, or who filed an action in state court against a Parish, will receive direct notice of the Joint Plan and the Third-Party Releases provided for in the Joint Plan.

## C.     The Committee's Arguments Below

As the Committee argued below, the Opt-Out Procedures satisfy the consent requirement under *Purdue* because (i) as other Bankruptcy Courts in this Circuit have found, the Opt-Out Procedures satisfy due process requirements for giving effective consent; (ii) Abuse Claimants with pending cases in state court against third parties to be released will receive individual notice of the releases; (iii) the Committee as fiduciary negotiated the Opt-Out Procedures, and the Committee and claimants' individual counsel support the Opt-Out Procedures and are charged with looking out for the Abuse Claimants' interests; (iv) the Opt-Out Procedures suffice to show consent under applicable law; and (v) requiring that Abuse Claimants affirmatively Opt-In may be retraumatizing and psychologically difficult for the Survivors' of childhood sexual abuse.  Committee Statement at 6-13.

4915-0645-8545.10 18502.002

Notwithstanding the Diocese's and Committee's evidence and argument, the Bankruptcy Court by the Orders denied the Solicitation Motion on its view that Opt-Out Procedures did not suffice to determine creditor consent to the Third-Party Releases. On appeal, the Committee contends that the Orders are erroneous and should be reversed.

### D.    Procedural History of the Orders

On February 27, 2026, the Bankruptcy Court entered the Opt-In Order. The Debtor and the Committee each moved for reconsideration of the Opt-In Order on March 13, 2026 [D.I. 4655 and 4657].

On April 3, 2026, the Bankruptcy Court entered the Reconsideration Order denying the motions for reconsideration but granting the Committee's request for certification of its appeal to the Second Circuit Court of Appeals.

On April 17, 2026, the Diocese and the Committee each timely filed a notice of appeal of the Opt-In Decisions [D.I. 4722 and 4723].

On May 8, 2026, the Bankruptcy Court entered the Certification of Direct Appeals to the Court of Appeals for the Second Circuit [D.I. 4784].

The Committee timely filed its Petition on [June 5, 2026].

4915-0645-8545.10 18502.002

### E.  The Appeal in *GOL Linhas*

The *GOL Linhas* appeal raises the same fundamental issue as the Opt-Out Appeals, but in significantly different circumstances than that presented in *GOL Linhas*.  In *GOL Linhas,* the Third-Party Releases were broad and would have applied broadly to all creditors in the case, including even some creditors not entitled to vote on or receive direct notice of the plan.  *In re GOL Linhas Aereas Inteligentes S.A.*, 675 B.R. 125, 128 (S.D.N.Y. 2025).  Likewise, in *GOL Linhas*, the "Releasing Parties" were broadly defined to include, among others, "*all* holders" of Claims and Interests that did not opt-out.  *Id.* at 127-28, 127 n.1 (emphasis added), and "Released Parties" was also defined broadly.  *Id.* at 127 n.2.  In contrast, here, the only claimants who affirmatively asserted claims against the Diocese or a Parish to be released are being asked to grant the releases of those parishes.  Joint Plan at § 12.8.  In consequence, because there is presently no controlling authority in this Circuit or of the Supreme Court, a decision by this Court in *GOL Linhas* may either not resolve the issue in this case, or might apply overbroadly and unjustly to the circumstances here.

## ARGUMENT

### I.  GOOD CAUSE EXISTS TO CONSIDER THE COMMITTEE'S PETITION FOR DIRECT APPEAL ON AN EXPEDITED BASIS

This Court "shall expedite the consideration of any action . . . if good cause therefor is shown."  28 U.S.C. § 1657(a); *see* Fed. R. App. P. 2.  "The

9

primary purpose of this rule is to make clear the power of the courts of appeals to expedite the determination of cases of pressing concern to the . . . litigants." Fed. R. App. P. 2 advisory committee's note.

Good cause exists for this Court to expedite consideration of the Committee's Petition. The Petition involves the same issues of law as the *GOL Linhas* appeal on an issue as to which there is no controlling Supreme Court authority or authority within this Circuit. Indeed, the Bankruptcy Court, in granting certification for direct appeal, recognized the significance of the concurrent consideration of this appeal with that in *GOL Linhas*, and anticipated the Circuit's contemporaneous consideration of the two appeals:

> [Judge Cote's] ruling [in *GOL Linhas*] is now under appeal to the Second Circuit. An expedited appeal by the Diocese and Committee may also allow an opportunity for the Circuit to review the decision of this Court at the same time that it examines the similar matter that it has under consideration.

Recon. Ord. at 4.

The Committee's Petition explains in detail both the importance of the authorization of direct review and the rationale for considering the Opt-Out Appeals in conjunction with *GOL Linhas*. Judicial economy is best served by allowing this appeal to proceed in parallel the *GOL Linhas* appeal. *See, e.g.*, *World Trade Ctr. Props., L.L.C. v. Hartford Fire Ins. Co.*, 345 F.3d 154, 159, 165 (2d Cir. 2003) (noting grant of motion to expedite and consolidation of

4915-0645-8545.10 18502.002

appeals where the cases share similar issues of fact and law); *see Antonyuk v. James*, 120 F.4th 941, 954 (2d Cir. 2024) (Circuit expedited appeals in four cases and, "in light of the substantial overlap among the cases, heard argument in tandem").

## II.   GOOD CAUSE EXITS TO EXPEDITE THE OPT-OUT APPEAL AND TO HEAR IT IN TANDEM WITH *GOL LINHAS*

Good cause likewise exists for expediting the Opt-Out Appeal upon grant of the Petition, and hearing it in tandem with the *GOL Linhas*, appeal under Federal Rules of Appellate Procedure 2 and 3(b)(2). *See* 20 James Wm. Moore et al., Moore's Federal Practice - Civil § 303.41 (2026) ("In most cases, the goal of fostering judicial economy is served by placing all related issues before the circuit court at one time").

This appeal is of course behind the appeal in *GOL Linhas*, and the Committee is cognizant of the tension between not delaying consideration of the *GOL Linhas* appeal and of achieving the judicial economy and the Court's full consideration of the consequential issue of consent to Third-Party Releases, as to which there is no controlling authority. Expediting consideration of the Opt-Out Appeals could minimize any delay in considering the *GOL Linhas* appeal, and hearing the Opt-Out Appeals in tandem with that appeal will maximize the Court's consideration of the issue of consent to Third-Party Releases. *See Antonyuk*, 120 F.4th at 953.

11

The Committee (and the Diocese) can prepare their briefs on an expedited schedule. Given the overlapping issues in the appeals, the Committee suggests that the U.S. Trustee would not need the maximum time to file its brief in this case. Any impact on the Court's scheduling of argument and consideration of *GOL Linhas* should thus be minimal, and the Committee respectfully submits that the value of consideration of the appeals in tandem on an issue that has consumed district and bankruptcy courts in this Circuit, and indeed the bankruptcy bench and bar nationwide, would far outweigh any short delay.

4915-0645-8545.10 18502.002

## CONCLUSION

For the foregoing reasons, the Court should grant the Committee's motion to (i) expedite consideration of its Petition for Direct Review, (ii) expedite briefing on the Opt-Out Appeal should the Petition be granted, and (iii) hear the Opt-Out Appeal in tandem with the pending appeal in *In re GOL Linhas Aéreas Inteligentes S.A.,* No. 26-49 (2d Cir.), and should grant such other, further and different relief as to it seems just and proper.

Dated: June 5, 2026

Respectfully submitted,

/s/ Ilan D. Scharf

**PACHULSKI STANG ZIEHL**
**& JONES LLP**
Ilan D. Scharf, Esq.
Karen B. Dine, Esq.
Jeffrey M. Dine, Esq.
1700 Broadway, 36th Floor
New York, New York 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
E-mail: ischarf@pszjlaw.com
kdine@pszjlaw.com
jdine@pszjlaw.com

*Counsel for Appellant the Official*
*Committee of Unsecured Creditors*

13

4915-0645-8545.10 18502.002

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Rule 27(d)(2)(A) of the Federal Rules of Appellate Procedure because it contains 2,639 words.

This brief complies with the typeface and type style requirements of Rule 27(d)(1)(E), Rule 32(a)(5), and Rule 32(a)(6). It has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

Dated:  June 5, 2026                    PACHULSKI STANG ZIEHL & JONES LLP

                                                   */s/   Ilan D. Scharf*
                                                   Ilan D. Scharf
                                                   *Counsel for Appellant the Official Committee of Unsecured Creditors*

4915-0645-8545.10 18502.002

# CERTIFICATE OF SERVICE

I certify that on June 5, 2026, one copy of the foregoing was served via

United Postal Service Priority Mail on the parties listed below:

Bond, Schoeneck & King, PLLC
Stephen A. Donato, Esq.
Charles J. Sullivan, Esq.
Grayson T. Walter, Esq.
Thomas W. Simcoe, Esq.
Gregory J. McDonald, Esq.
Brendan M. Sheehan, Esq.
One Lincoln Center
Syracuse, NY 13202
Telephone No.: (315) 218-8000
csullivan@bsk.com
gwalter@bsk.com
Sdonato@bsk.com

*Counsel for The Diocese of Buffalo, N.Y.*

Office of the U.S. Trustee
Joseph W. Allen, Esq.
Olympic Towers
300 Pearl Street, Suite 401
Buffalo, NY 14202
Telephone No.: (716) 551-5541

*Counsel for Office of the United States Trustee*

Woods Oviatt Gilman LLP
Timothy P. Lyster, Esq.
1900 Bausch and Lomb Place
Rochester, NY 14604
Telephone No.: (585) 987-2800
tlyster@woodsoviatt.com

*Counsel for Parish Steering Committee*

Elsaesser Anderson, CHTD
J. Ford Elsaesser, Esq.
320 East Neider Ave., STE 102
Coeur d' Alene, ID 83815
Telephone No. (208) 667-2900

*Counsel for Parish Steering Committee*

15

Jeff Anderson & Associates, P.A.
Jeffrey R. Anderson, Esq.
Michael G. Finnegan, Esq.
Stacey J. Benson, Esq.
366 Jackson Street, Suite 100
St. Paul, MN 55101
Telephone No.: (651) 227-9990
mike@andersonadvocates.com
stacey@andersonadvocates.com

*Certain Abuse Claimants*

Steve Boyd, PC
Stephen Boyd, Esq., of counsel
2969 Main St., Suite 100
Buffalo, NY 14214
sboyd@steveboyd.com

*Certain Abuse Claimants*

Lipsitz Green Scime Cambria
Amy C. Keller, Esq., of counsel
42 Delaware Avenue, Suite 120
Buffalo, NY 14202
akeller@lglaw.com

*Certain Abuse Claimants*

Dated:  June 5, 2026

*/s/ Ilan D. Scharf*
 Ilan D. Scharf

16

4915-0645-8545.10 18502.002